Marc P. Friedman
Attorney for Defendant
OSB #892448
Friedman Law Office, P.C.
P.O. Box 11167
Eugene, OR  97440
(541) 650-4326
attyfriedman@yahoo.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 6:21-CR-00156-001-AA |
| Plaintiff, | |
| vs. | DEFENDANT'S SENTENCING MEMORANDUM |
| AUSTIN WAYNE REINKE, | Sentencing November 8, 2023 |
| Defendant. | 9:00AM |

Comes now Defendant, Austin Wayne Reinke, by and through his

attorney Marc P. Friedman, and respectfully submits the following information and

requests the court consider the factors set forth below.  Additional materials will be

forth coming.

/ / /

/ / /

/ / /

/ / /

Defendant's Sentencing Memorandum                                        Page 1

## Introduction

The presentence report is out of date. The PSR was drafted in September, 2021 and does not address the 18-20 months Austin Wayne Reinke spent in custody and, far more significantly, the 18 months since his release from custody on pretrial release.

Mr. Reinke went from a drug user to a drug dealer in a moment of gross and grave misjudgment, trying to feed his own habit only to find himself embroiled in a much larger case in which he is a minor participant who know nothing of the larger scope. He has remarkably turned his life around and achieved the conduct and behavior that the court wishes all defendants would.

## General Background

The Presentencing Report prepared in Fall, 2021 provides the court with a full background report on Mr. Reinke's life history to that point in time. It is an accurate, but an incomplete representation. What the court can see is a boy and then a young man embroiled in his mother's drug use which in time became his own. Any criminal involvement was linked directly to drugs.

It is essential for the court to know of what has happened since he has been on pretrial release. As outlined in the PSR, Mr. Reinke's upbringing was

extremely difficult.  He faced many challenges and failed at time and succeed at others. [1]

After serving roughly 18 - 20 months in Sheridan FCI, Mr. Reinke completed in-patient drug treatment with Willamette Family, followed by intensive outpatient and group treatment over a period of 7 months.  Mr. Reinke has been employed full-time with Swanson Group.  His work includes functioning as quality control lead for production at the mill and as the lead inspector on safety and related issues at the plant.  This is a job he values, and his work is well regarded and well compensated.  He currently works 6 days a week, 10 hours per day.

But of greatest significance and utmost importance are the steps Mr. Reinke has taken to reestablish his family and personal life, and care for his children. Over the course of the time this case has been pending the mother of his daughter Diane lost her parental rights to the State, but Mr. Reinke never gave up.  He has worked with the juvenile court and DHS to establish and maintain visitation rights and has learned that if he can remain out of custody the State is prepared to return full custody of  3year old Diane to him.  Additionally, he has an 8 year old

---

[1] The Government notes that Mr. Reinke absconded.  This occurred before entered his change of plea and served the length period in custody prior to drug treatment and his subsequent pretrial release.

Defendant's Sentencing Memorandum                              Page 3

daughter Rayna who lives with him and his domestic partner Lindsey.  He and Lindsey also have a 7-month-old son Armany together.

So much now depends upon his continued hard work and success, and the need to remain out of custody.  This is utmost in his mind and what moves him forward each and every day.

**Substance Abuse**

Drugs have unfortunately long played a significant factor in Mr. Reinke's life and are his downfall.  His prior criminal record consists of minor offenses in which every criminal episode in his life has been directly associated with drugs. Mr. Reinke has risen to the challenge of his addiction.  He now recognizes that he needs to take care each and every day.  He is now set on the right course and would benefit from a sentence which recognizes and acknowledges his efforts to date.

**SENTENCING CONSIDERATIONS**

**ADVISORY GUIDELINE CALCULATION**

The defense does not dispute the PSR advisory calculation but does believe that the calculation of his criminal history is overstated.  We do take issue with the calculation of his criminal history as a Category III.  The offenses reported in paragraphs 48 (10 days jail), 49 (no jail) and 51 (no jail) are all misdemeanors for which either no jail was imposed or only a very short period of jail was imposed. Further, the felony charge listed in paragraph 53 for which a 2-day

Defendant's Sentencing Memorandum                                    Page 4

sentence was imposed for possession of a personal quantity of methamphetamine would only be a violation under current Oregon law.

Additionally, the warrant referenced in paragraph 48 on a misdemeanor charge was unknown to Mr. Reinke. The 2-point enhancement is an overreach.

## SENTENCING RECOMMENDATION

Mr. Reinke has served approximately 18 months in custody.

The court is requested to consider the outstanding progress Mr. Reinke has made in putting his life on track since his arrest and, in particular, the past year and a half since his release from custody; successfully completing drug treatment, maintaining sobriety, engaging in full time employment, and setting his relationship with his children on a proper course.

Since Judge Aiken granted his release from custody into drug treatment, he completed all phases of treatment, maintained employment, and successfully and fully reintegrated himself into the community.

Pretrial has recognized this success by periodically modifying the terms of his Pre-Release to remove conditions such as electronic monitoring, until recently removing all special and restrictive conditions and granting him release on his own recognizance.

A sentence in accord with the requirements of 18 U.S.C. § 3553(a) and furthering the purposes so set forth would well serve Mr. Reinke. A sentence of time served, and probation is appropriate.

18 U.S.C. § 3553(a) -- Factors to be considered in imposing a sentence. The Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentence to be imposed, shall consider:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed -
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

A sentence requiring incarceration would serve no good purpose. It would significantly setback Mr. Reinke and cause considerable harm to his family.  Mr. Reinke's efforts to get himself on the right track should not be ignored and could serve as a useful point of reference to others.

The defense notes that other co-defendants with similar or equal culpability received sentences as short as time serviced.

///

///

///

Defendant's Sentencing Memorandum                                     Page 6

While we urge the court to find a sentence of time served and post-prison supervision just and proper, should the court determine that a period of further incarceration is required, Mr. Reinke would ask the court to permit him to serve that time at Sheridan.

Dated this 2nd day of November, 2023.

Respectfully Submitted,

*/s/ Marc Friedman*_____
Marc P. Friedman, OSB #892448
Attorney for Austin Wayne Reinke

Defendant's Sentencing Memorandum                Page 7